IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN, EASTERN, WESTERN, AND SOUTHERN DIVISIONS

| | | |
|---|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br>      *Plaintiff,*<br>v.<br><br>0.25 ACRE, MORE OR LESS, IN<br>NORTHAMPTON COUNTY, NORTH<br>CAROLINA *et al.*,<br>      *Defendants.* | ) ) ) ) ) ) ) ) ) | No. 2:18-CV-3-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>      *Plaintiff,*<br>v.<br><br>8.88 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>      *Defendants.* | ) ) ) ) ) ) ) ) | No. 4:18-CV-11-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>      *Plaintiff,*<br>v.<br><br>9.36 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>      *Defendants.* | ) ) ) ) ) ) ) ) | No. 4:18-CV-12-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>      *Plaintiff,*<br>v.<br><br>2.27 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>      *Defendants.* | ) ) ) ) ) ) ) ) | No. 4:18-CV-13-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>      *Plaintiff,*<br>v.<br><br>0.85 ACRE, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA, *et al.*,<br>      *Defendants.* | ) ) ) ) ) ) ) ) | No. 4:18-CV-14-BO |

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br>        *Plaintiff,*<br>v.<br><br>4.24 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA *et al.,*<br>        *Defendants.* | No. 4:18-CV-15-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>        *Plaintiff,*<br>v.<br><br>4.77 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA *et al.,*<br>        *Defendants.* | No. 4:18-CV-21-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>        *Plaintiff,*<br>v.<br><br>11.57 ACRES, MORE OR LESS, IN NASH COUNTY, NORTH CAROLINA *et al.,*<br>        *Defendants.* | No. 5:18-CV-13-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>        *Plaintiff,*<br>v.<br><br>4.36 ACRES, MORE OR LESS, IN NASH COUNTY, NORTH CAROLINA *et al.,*<br>        *Defendants.* | No. 5:18-CV-39-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>        *Plaintiff,*<br>v.<br><br>0.13 ACRE, MORE OR LESS, IN CUMBERLAND COUNTY, NORTH CAROLINA *et al.,*<br>        *Defendants.* | No. 5:18-CV-42-BO |

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>15.65 ACRES, MORE OR LESS, IN CUMBERLAND COUNTY, NORTH CAROLINA *et al.,*<br>*Defendants.* | No. 5:18-CV-47-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>10.81 ACRES, MORE OR LESS, IN CUMBERLAND COUNTY, NORTH CAROLINA *et al.,*<br>*Defendants.* | No. 5:18-CV-48-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>9.11 ACRES, .MORE OR LESS, IN NASH COUNTY, NORTH CAROLINA *et al.,*<br>*Defendants.* | No. 5:18-CV-49-BO |

These matters are before the Court on plaintiff's motion for partial summary judgment and motion for preliminary injunction granting immediate possession. Also pending is plaintiff's motion for hearing on an expedited basis. A hearing on the motions was held before the undersigned on March 9, 2018, at Raleigh, North Carolina and on March 14, 2018, at Elizabeth City, North Carolina.

## BACKGROUND

Plaintiff, Atlantic Coast Pipeline (ACP), has initiated twenty-nine cases in this Court by filing a complaint in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1.

3

In each complaint, ACP seeks an order allowing the taking of certain interests in real property, immediate entry and possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act. On September 18, 2015, ACP filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. ACP contends that the natural gas transported through its pipeline will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See generally* [DE 1-2]. In order to construct the pipeline, ACP must acquire both temporary and permanent, exclusive easements on the subject properties along the FERC-approved pipeline route. ACP contends that the easements are necessary to construct, maintain, operate, alter, test, replace, and repair the pipeline. ACP further seeks to acquire the right of ingress and egress to, from, and through the easements. Landowners on whose property the pipeline is placed will retain the right to use and enjoy the property in any way that does not interfere with ACP's rights under the easement.

With the filing of each complaint, ACP filed a notice of filing of complaint in condemnation pursuant to Fed. R. Civ. P. 71.1(d), which provides notice to landowners of their rights to answer the complaint and present any defense and to appear in the action. *See generally* [DE 1-7]. The notice further provides that failure to serve an answer within twenty-one days of service constitutes consent to the taking

and the Court's authority to proceed and fix compensation. Twenty-two cases remaining pending in this Court, and the instant motions are pending in thirteen of the remaining twenty-two cases.

Two defendant-landowners appeared through counsel at the hearings conducted on the instant motions. While some defendants have filed answers, no defendant in any case has filed a written response to the pending motions. In adjudicating the instant motions, the Court has considered the arguments and defenses raised by the defendants who appeared through counsel at the hearings.

## DISCUSSION

At the outset, the Court notes that a stipulation as to the appropriateness of ACP's motion for partial summary judgment and ACP's entitlement to exercise the right of immediate entry, access, and possession of the easements to commence and complete construction of the pipeline has been filed No. 5:18-CV-47-BO. [DE 28]. The pending motions in this case are therefore DENIED AS MOOT.

I.      Motion for partial summary judgment.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted).

The Court first addresses the issue of sufficient notice to the non-appearing defendants.[1] As provided below,[2] ACP has effected service or appears to have effected service on all defendants either

---

[1] Counsel has appeared for the defendants in cases No. 4:18-CV-11-BO, No. 4:18-CV-14-BO, and 5:18-CV-39-BO. Although the defendants have answered the complaints, no opposition to the instant motions has been filed, and these defendants did not appear either personally or through counsel at the hearings.

[2] In No. 2:18-CV-3-BO, the unknown remaining heirs of Phil Gray Stewart and Boatmen Bennett Cornelius Stewart remain as defendants. The docket reflects that a certificate of service by publication in accordance with Rule 71.1(d)(3)(B)(i) was filed on February 15, 2018. [DE 14]. However, no certificate of completion of service has been filed in accordance with Rule 71.1(d)(3)(B)(ii). To date, no defendant has come forward to appear, file an answer, or oppose the pending motions.

In No. 4:18-CV-12-BO, the docket reflects that the individual defendants were served on February 20, February 23, and February 27, 2018. [DE 17; 19; 20; 26]. To date, no defendant has come forward to appear, file an answer, or oppose the pending motions.

In No. 4:18-CV-15-BO, the docket reflects that the individual defendants were served on February 16, February 24, February 26, and February 27, February 28 2018; March 1, March 2, March 3, March 4, March 5, and March 7, 2018. [DE 16, 19 – 22, 25 – 33, 40 – 43]. ACP further served defendants in this matter who could not be located by publication, with service complete as of March 11, 2018. [DE 15; 23; 44]. To date, no defendant has come forward to appear, file an answer, or oppose the pending motions.

In No. 4:18-CV-21-BO, the docket reflects that two remaining defendants were served on February 17, and March 7, 2018, and further that service by publication was complete as of March 11, 2018. [DE 15, 26, 27, 29]. To date, no defendant has come forward to appear, file an answer, or oppose the pending motions.

In 5:18-CV-42-BO, the docket reflects that service was effected on the defendant on February 22, 2018. [DE 18]. To date, the defendant has not come forward to appear, file an answer, or oppose the pending motions.

In No. 5:18-CV-48-BO, the docket reflects that service was effected on the defendant on February 16, 2018. [DE 17]. To date, the defendant has not come forward to appear, file an answer, or oppose the pending motions.

personally or by publication. Further, ACP has provide a certificate of service of the notice of this Court's March 14, 2018, hearing, which provides that known defendants were served via overnight delivery as well as regular mail and that all defendants were additionally served by publication in three local newspapers, with publication occurring on the day prior to the hearing. The Court has not been made aware of any defendant who sought or attempted to attend the March 14 hearing but was unable to do so. All defendants served prior to February 22, 2018, appear to have defaulted, and although the time to file an answer has not run for other defendants, the Court is satisfied that they have received adequate notice of this suit and of the hearing such that consideration of ACP's motions in these cases does not violate due process.

ACP seeks entry of partial summary judgment in its favor as to its right to condemn the subject easements under the Natural Gas Act. The Natural Gas Act (NGA) provides that

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f; *see also E. Tennessee Nat. Gas Co. v. Sage* (hereinafter *Sage*), 361 F.3d 808, 821 (4th Cir. 2004) (Congress may grant condemnation power to "private corporations executing works in which the public is interested.") (quoting *Mississippi & Rum River Boom Co. v. Patterson,* 98 U.S. 403, 406, (1878) (alteration omitted)). "In order to condemn a property interest, then, [a natural gas company] must prove three elements: (1) it is a holder of a certificate of public convenience and necessity; (2) the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines

7

at issue; and (3) that it has been unable to acquire the necessary property interest from the owner." *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate, & Maintain a 24-inch Gas Transmission Pipeline Across Properties in Greene Cty.*, No. CIV. 3:07CV00028, 2007 WL 2220530, at *3 (W.D. Va. July 31, 2007).

ACP is an interstate natural gas company as defined by 15 U.S.C. § 717a(6). The record demonstrates and it is undisputed that ACP holds a certificate of public convenience and necessity issued by FERC on October 13, 2017. Although it has been argued that there are challenges to the FERC certificate pending in the court of appeals as well as an application for rehearing filed before FERC, neither of these circumstances operates as a stay of ACP's FERC certificate and the corresponding FERC order without an express order to that effect by the appropriate forum. *See* 15 U.S.C. § 717r(c) (filing of an application for rehearing by FERC commission *shall* not, unless specifically ordered by the commission, operate to stay the commission's order; commencement of proceedings in the court of appeals for review of FERC order *shall* not, unless specifically ordered, operate to stay commission's order) (emphasis added); *see also Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*, No. CV ELH-15-3462, 2016 WL 1248670, at *5 (D. Md. Mar. 25, 2016) (citation omitted) ("when a landowner contends that the Certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the district court", and "[r]eview of the validity of the Certificate is the exclusive province of the appropriate court of appeals."). There is no evidence that FERC limited or conditioned ACP's eminent domain authority in its certificate, *see Mid Atl. Express, LLC v. Baltimore Cty., Md.*, 410 F. App'x 653, 657 (4th Cir. 2011) (dismissal for lack of subject matter jurisdiction required where FERC certificate expressly conditioned authority to condemn), and ACP has satisfied the first step of the inquiry.

ACP has further satisfied the second step of the inquiry, which asks whether the property to be condemned is necessary. All that ACP must show as to this element "that the easements it seeks align with the FERC-approved route." *Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, & Maintain a Nat. Gas Pipeline Over Tracts of Land in Giles Cty., Craig Cty., Montgomery Cty., Roanoke Cty., Franklin Cty., & Pittsylvania Cty., Virginia*, No. 7:17-CV-00492, 2018 WL 648376, at *12 (W.D. Va. Jan. 31, 2018). ACP has proffered the FERC-approved route and the required easements it seeks, *see* Pl. Hrg. Ex. 4 and 5, and has demonstrated that the subject easements are necessary.

ACP has also satisfied the third step of the inquiry, which requires it to show that it has been unable to reach an agreement to acquire the necessary property from the landowners, in all but two of the cases in which it seeks partial summary judgment.

In No. 4:18-CV-13-BO, defendant Locke testified at the hearing that he is willing to settle with ACP but that he has been unable to engage in reasonable negotiations. Accordingly, the Court finds that a genuine issue of fact exists as to whether ACP is unable to reach an agreement with the subject landowner in this case and summary judgment is therefore inappropriate.

In No. 5:18-CV-13-BO, defendant Winstead testified at the hearing that his first contact with ACP or its agents regarding the pipeline was in May 2014, when surveyors entered his property without permission to conduct a survey. Winstead received an offer from ACP on January 29, 2016, but later was told by another surveyor on his property that the pipeline would not come through his property after all. He also testified that he was informed of this suit in condemnation by a reporter, and received certified mail service a few weeks later. The Court finds that, based on Winstead's testimony, there is a genuine issue of material fact as to whether Winstead has received an adequate opportunity to negotiate for a clearly defined easement. *See, e.g., Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cty., Alabama,*

No. 3:16-CV-173-WKW, 2016 WL 3248666, at *8 (M.D. Ala. June 8, 2016) (noting that landowner has an interest in negotiating with the gas company). Accordingly, the Court will deny ACP's motion for summary judgment in the Winstead case.

As to the remaining cases, ACP has submitted the affidavit and hearing testimony of its Land Agent, who has testified ACP has been able to reach an agreement with approximately ninety percent of the landowners along the pipeline route. *See also* Land Agent Decl. ¶¶ 15-20. These remaining landowners have either rejected or not responded to ACP's offers. ACP has proffered the offer letters submitted to the remaining defendants, Pl. Hrg. Ex. 6 and 7, and, in the absence of their acceptance by the landowner or any testimony regarding the negotiations, ACP has satisfied the third and final step of the inquiry.

Accordingly, ACP has established the necessary elements and is entitled to partial summary judgment in its favor as to its right to condemn the subject easements under the Natural Gas Act in the following cases: No. 2:18-CV-3-BO; No. 4:18-CV-11-BO; No. 4:18-CV-12-BO; No. 4:18-CV-14-BO; No. 4:18-CV-15-BO; No. 4:18-CV-21-BO; No. 5:18-CV-39-BO; No. 5:18-CV-42-BO; No. 5:18-CV-48-BO; No. 5:18-CV-49-BO.

II.  Motion for preliminary injunction.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 533 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d

342, 347 (4th Cir. 2009) (holding that the *Blackwelder* balance-of-hardships test no longer applies in light of *Winter*) *vacated on other grounds*, 130 S. Ct. 2371 (2010) (memorandum opinion). A mandatory injunction which would alter the status quo, as requested here, "should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

In *Sage*, the Fourth Circuit held that once a court determines that a natural gas company has the right to condemn property under the NGA and pursuant to a FERC certificate, "the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *Sage*, 361 F. 3d at 828. Because the Court has denied the motion for partial summary judgment in the Locke and Winstead cases, it finds that ACP cannot satisfy its burden today to demonstrate a likelihood of success on the merits. The motion for preliminary injunction is therefore denied without prejudice in these cases.

As to the remaining defendant parcels and individual defendants addressed by this order, ACP has demonstrated a likelihood of success on the merits as it has established the right to condemn. *See Sage*, 361 F.3d at 830 (success on the merits is apparent where it has been determined that a natural gas company has the right to condemn). ACP has further demonstrated that it is likely to be irreparably harmed in the absence of preliminary relief. ACP has proffered evidence of the costs associated with having to construct the pipeline in a non-linear fashion, and further that it seeks to comply with an agreement entered into with the United States Fish & Wildlife Service to complete the tree felling stage of the project prior to March 31, 2018.[3] *See* Project Manager Decl. ¶¶ 15-17. ACP has further argued

---

[3] On March 16, 2018, ACP filed a notice to the Court that it has requested an extension of the tree felling deadline from FERC. As the Court is unaware that FERC has issued any decision, it proceeds with its consideration of the instant motion as though the tree felling deadline remains

11

that it risks being unable to complete the pipeline within the time allotted by FERC if it cannot gain immediate access to the properties; these reasons are sufficient to demonstrate a likelihood of irreparable harm in this circumstance. *See Sage*, 361 F.3d at 828-29.

The court further finds that the balance of equities tips in ACP's favor and that granting an injunction would be in the public interest. ACP has been granted the right to condemn property under the NGA in order to construct a pipeline that will provide the public with reliable natural gas service. FERC has determined that the construction of this pipeline is in the public interest, and while the intrusion into the landowner's interest is great, "[a]t bottom, it is the NGA and the FERC Certificate that are responsible for any injuries to the defendants, and delaying access until just compensation is paid will do nothing to alleviate those burdens." *Dominion Energy Transmission, Inc. v. 8.00 Acres of Land, More or Less, in Doddridge Cty., W. Virginia*, No. 1:18CV24, 2018 WL 1144982, at *6 (N.D.W. Va. Mar. 2, 2018) (citing *Sage*, 361 F.3d at 829).

Accordingly, having considered the relevant factors in light of the applicable standards, the Court determines that a preliminary injunction granting ACP immediate access to the parcels is warranted in the following cases: No. 2:18-CV-3-BO; No. 4:18-CV-11-BO; No. 4:18-CV-12-BO; No. 4:18-CV-14-BO; No. 4:18-CV-15-BO; No. 4:18-CV-21-BO; No. 5:18-CV-39-BO; No. 5:18-CV-42-BO; No. 5:18-CV-48-BO; No. 5:18-CV-49-BO.

While "the constitution does not require that compensation be paid in advance of land occupancy . . . it does require that there be a process in place to give the owner 'reasonable, certain, and adequate provision for obtaining compensation before his occupancy is disturbed.'" *Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, & Maintain a Nat. Gas Pipeline Over Tracts of Land in Giles Cty.,*

---

March 31, 2018.

*Craig Cty., Montgomery Cty., Roanoke Cty., Franklin Cty., & Pittsylvania Cty., Virginia*, No. 7:17-CV-00492, 2018 WL 648376, at *19 (W.D. Va. Jan. 31, 2018) (quoting *Cherokee Nation v. S. Kan. Ry. Co.*, 135 U.S. 641, 659 (1890)); *see also* Fed. R. Civ. P. 65(c). Therefore, in order to protect the landowners, the Court requires ACP to provide security as follows; the right to immediate possession is conditioned on ACP's compliance with these procedures. *See* Fed. R. Civ. P. 71.1(j).

> ACP shall deposit with the Clerk of this Court (Clerk) an amount representing three times the appraised value of the easement sought on each of the subject parcels as described in plaintiff's hearing exhibit 9. Where the appraised value is less than $3,000, ACP shall deposit three times the amount of $3,001. *See* 15 U.S.C. § 717f(h).
>
> ACP shall additionally obtain and post a surety bond in the amount of two times the appraised value of the easement sought on each of the subject parcels.
>
> The amounts deposited and obtained as security shall not be considered to be a threshold or limit on the amount of just compensation to be determined.
>
> At the time of deposit with the Clerk, ACP shall file a notice on the docket in the respective case identifying the case number, subject parcel, landowner(s), plat number, the appraised value, the amount deposited with the Clerk, and the amount of the surety bond obtained. ACP shall provide a copy of this filing to the Clerk for internal record keeping.
>
> The amounts deposited by ACP with the Clerk shall, at the Clerk's earliest convenience, be deposited into an interest bearing account pursuant to Fed. R. Civ. P. 67(b).

## CONCLUSION

For the foregoing reasons, ACP's motions for partial summary judgment and preliminary injunction are GRANTED in the following cases: No. 2:18-CV-3-BO; No. 4:18-CV-11-BO; No. 4:18-CV-12-BO; No. 4:18-CV-14-BO; No. 4:18-CV-15-BO; No. 4:18-CV-21-BO; No. 5:18-CV-39-BO; No. 5:18-CV-42-BO; No. 5:18-CV-48-BO; No. 5:18-CV-49-BO. ACP SHALL provide security in accordance with the above.

ACP's motion for partial summary judgment is DENIED and motion for preliminary injunction is DENIED WITHOUT PREJUDICE in the following cases: No. 4:18-CV-13-BO and No. 5:18-CV-13-BO.

The pending motions in No. 5:18-CV-47-BO are DENIED AS MOOT.

ACP's motion for expedited hearing is DENIED AS MOOT in all cases in which it was filed.

SO ORDERED, this _16_ day of March, 2018.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE